IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRALD HANDY,<br>            Petitioner,<br><br>     v.<br><br>PA. BOARD OF PROBATION AND PAROLE; THE DISTRICT ATTORNEY OF THE COUNTY OF HARRISBURG; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br><br>            Respondents. | CIVIL ACTION<br><br><br><br><br>NO. 13-1741 |

DuBOIS, J.                                                                                              December 13, 2013

**M E M O R A N D U M**

**I.     INTRODUCTION**

On October 20, 1988, *pro se* petitioner, Derrald Handy, plead guilty in the Philadelphia Court of Common Pleas to charges of robbery, conspiracy, and third-degree murder and was sentenced to a term of imprisonment of fifteen to thirty years.  Presently before the Court is *pro se* petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  United States Magistrate Judge David R. Strawbridge submitted to the Court a Report and Recommendation dated October 29, 2013 ("R&R"), in which he recommended that the Petition be denied.  On November 12, 2013, petitioner filed Objections to the R&R.

This Memorandum addresses petitioner's Objections.  For the reasons set forth below, the Objections are overruled.  The Court approves and adopts the R&R in its entirety and denies the Petition for Writ of Habeas Corpus.

1

II.  DISCUSSION

The facts of the case are set forth in detail in the R&R and will not be repeated in this Memorandum, except as is necessary to explain the Court's rulings on Handy's Objections.

Many of petitioner's arguments in his Objections fail to "specifically identify" the portion of the R&R to which objection is made and the basis for such objection, as required by Local Rule 72.1(IV)(b). Local R. Civ. P. 72.1(IV)(b) ("Any party may . . . serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.") The Court addresses those Objections that warrant discussion.

Handy's Petition raises five claims, all of which relate to the Pennsylvania Board of Probation and Parole's ("the Board") failure to credit his "street time" — time spent on parole in good standing — toward his sentence. Most of petitioner's Objections to the R&R merely repeat the arguments set forth in his Petition, and all such Objections are overruled. For instance, petitioner again argues that his sentence has a defined "completion date" of "September 2017," which petitioner says is not "fluctuating or adjustable." Resp. & Opp. to Rep. & Rec. 2. Petitioner also repeats his prior argument that the Board is without authority to "extend" his "completion date" and that the Board's recalculation of his sentence is unlawful. *Id.* And, Handy once more argues that the Board's recalculation of his parole-violation maximum date and the Board's imposition of an eighteen-month setback for re-parole consideration violates his rights under the Double Jeopardy Clause. *Id.* at 5-6. These issues, and the other issues previously raised, were considered and rejected in the R&R, which this Court approves and adopts.

Petitioner also raises several new arguments not previously raised.  Local Rule of Civil Procedure 72.1(IV)(c) provides that issues that "could have been presented" to the magistrate judge before the filing of the R&R "shall not be raised . . . unless the interest of justice requires it."  Local R. Civ. P. 72.1(IV)(c).

First, petitioner argues that, at the time that he was negotiating his 1988 guilty plea, he was not told that he would not be given credit for "street time."  Resp. & Opp. to Rep. & Rec. 1-2.  He claims this deficiency warrants habeas relief because it would allow him "to refuse or restructure any offered deal or plea agreements that would have explained all this before hand," which would give him "the opportunity to either go to trial or accept the plea agreements in full knowledge of what was to come by the hands of the parole boards discretions."  *Id.* at 7.

The Court will not consider this argument, which petitioner seeks to present for the first time in his Objections, because it violates Local Rule of Civil Procedure 72.1(IV)(c) as a new issue which "could have been presented to the magistrate judge."  The Court further determines that the interest of justice does not require consideration of this argument because petitioner had ample opportunity in his prior filings to raise the issue and he presents no excuse for his failure to do so.  All of Handy's claims in his Petition relate to the Board's treatment of his "street time."  Yet Handy did not raise the issue of the lack of notice of the Board's authority to not credit his "street time" in his Petition, his amendment to the Petition, or his reply to the Pennsylvania Attorney General's response to his Petition.

Furthermore, to the extent that petitioner seeks to amend his Petition to add a claim attacking the validity of his 1988 guilty plea, that claim is time-barred by 28 U.S.C. § 2244(d).  Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) amended 28 U.S.C. § 2244 to impose a one-year limitations

period on applications for writs of habeas corpus by persons in state custody. *See* 28 U.S.C. § 2244(d)(1). With regard to petitioner's underlying 1988 conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).[1] Since petitioner's judgment of conviction became final prior to the date AEDPA took effect, April 24, 1996,[2] he had one year after that date to file a § 2254 petition. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). Therefore, the last date on which Handy could have filed a habeas petition challenging his guilty plea would have been April 24, 1997, and he failed to do so. To the contrary, this claim was first raised on November 12, 2013, when petitioner filed his Objections to the R&R.

Second, petitioner argues — within the confines of his double-jeopardy argument — that in order for the parole board to alter both his parole-violation maximum date and his re-parole eligibility date, the Board must have stated its ability to do so "on all notices" and on its presumptive ranges of backtime for parole violations. Resp. & Opp. to Rep. & Rec. 6. The Court will not consider this argument, raised for the first time in petitioner's Objections, because it violates Local Rule of Civil Procedure 72.1(IV)(c). The Court concludes that the interest of

---

[1] The Court concludes that 28 U.S.C. § 2244(d)(1)(D) does not justify a later limitations-period start date because the factual predicate of petitioner's claim — the Board's authority to not credit his "street time" towards his sentence — "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute granting the Board this authority, which was codified at 61 P.S. § 331.21a(a) at the time of petitioner's conviction, could have been discovered through the exercise of due diligence; indeed, the statute had been upheld by the Pennsylvania Supreme Court prior to Handy's guilty plea. *See Young v. Commonwealth Bd. of Prob. & Parole*, 487 Pa. 428 (1979).

[2] Because petitioner was convicted on October 20, 1988 and did not file a direct appeal, *see* Pet. Br. 1-2, his judgment became final on November 21, 1988. Pa. R. App. P. 903(a) (appellant has thirty days to file a notice of appeal).

justice does not require consideration of this argument because petitioner had ample opportunity in his prior filings to raise the issue and he presents no excuse for his failure to do so.

Third, petitioner argues that the "supervision fees" and the expenses for random urine testing he paid while on supervision should be refunded since he is not receiving credit for that time. Resp. & Opp. to Rep. & Rec. 3. The Court will not address this argument because, as with petitioner's other new arguments, it violates Local Rule of Civil Procedure 72.1(IV)(c) as a new issue which "could have been presented to the magistrate judge." Moreover, the Court determines that the interest of justice does not require consideration of this argument because petitioner had several opportunities to raise the issue before Magistrate Judge Strawbridge, and he offers no excuse for his failure to do so.

Finally, petitioner argues Magistrate Judge Strawbridge misconstrued his due-process argument. Specifically, petitioner takes issue with the R&R's statement that

> [Handy] argues that a 'denial of liberty without due process of law occurs when a prisoner's term maximum date is extended or a parole violator's release date is bypassed without notice or hearing in a venue that has jurisdiction over both the parties and the subject matter,' and that the Parole Board hearing examiner does not have that authority."

R&R 12. Handy argues the statement is "connecting two different issues as one and ruling on them as if the one does not effect the others proceedures [sic]."[3] Resp. & Opp. to Rep. & Rec. 4. Handy explains, "For my Due Process of Law, I stand as a prisoner and his term of sentence!! That is the issue to be dealt with first and foremost! The sentence that the prisoner received from the court is the sentence that is being altered! That is the grounds of the habeas corpus request!" *Id.*

---

[3] The Court notes that the language in the R&R which petitioner finds objectionable was quoted by the magistrate judge from petitioner's own reply brief.

The Court concludes that Judge Strawbridge correctly understood that the recalculation of petitioner's parole violation maximum date for his 1988 sentence was the basis of petitioner's due-process claim. The Court is in complete agreement with what is set forth in the R&R on this issue.

### III.   CONCLUSION

For the foregoing reasons, petitioner's Objections to the Report and Recommendation are overruled, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated October 29, 2013 is approved and adopted, and the Petition for Writ of Habeas Corpus is denied. A certificate of appealability will not issue because reasonable jurists would not debate this Court's procedural rulings and petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.